UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
MIRIAM SCHER,

                                      Index No: 7:20-cv-4037

               Plaintiff,

               -against-                                  Demand for Trial by Jury

TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
AMERICAN EXPRESS CO.

               Defendant(s).
---------------------------------------------------------------------------x

## COMPLAINT

      Plaintiff Miriam Scher ("Plaintiff"), by and through her attorneys, Stein Saks, PLLC, as and for her Complaint against, Defendant Trans Union, LLC ("TransUnion"), Defendant Equifax Information Services, LLC ("Equifax"), and Defendant American Express Co. ("Amex"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts, omissions, and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, residing at 3 Strelisk Ct, 202 Monroe, New York, 10950.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. At all times material hereto, Defendant TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.  Defendant TransUnion is a limited liability company and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany, NY, 12207.

7. At all times material hereto, Defendant TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of "furnishing" consumer reports to third parties, as said term is defined under 15 U.S.C. § 1681(d).

8. At all times material hereto, Defendant TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. At all times material hereto, Defendant Equifax is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.  Defendant Equifax is a limited liability company and may be

served with process upon Corporation Service Company its registered agent for service of process at 80 State Street, Albany, NY, 12207.

10. At all times material hereto, Defendant Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as said term is defined under 15 U.S.C. § 1681d.

11. At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant American Express Co. is a bank that furnishes information to consumer reporting agencies under U.S.C. § 1681s-2(b), with its principal place of business located in this judicial district at 200 Vesey St, New York, NY 10285.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Amex Dispute and Violations

14. Upon information and belief, on a date better known to Defendants Equifax and TransUnion (hereinafter "the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to two Amex credit cards with open balances.

15. The inaccurate information furnished by Defendant Amex and published by the Bureaus is inaccurate because the reports reflect an inaccurate account balance that conflicts with the past due amount.

16. The status of these accounts indicate that it is charged off, yet the account still reports a past due balance that is only part of the overall balance. The account cannot be charged off and still reflect a past due balance that is different from the overall balance.

17. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated to various persons, entities, and credit grantors, both known and unknown.

18. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting on or around, September 19, 2019, specifically stating in dispute letters sent to each Bureaus that she disputed the reporting of the Amex tradelines as well as the conflicting balances.

19. It is believed and therefore averred that the Bureaus notified Defendant Amex of Plaintiff's dispute.

20. Upon receipt of the dispute from the Bureaus, Amex failed to conduct a reasonable investigation and continued to report false, inaccurate, and adverse information on Plaintiff's consumer report with respect to the disputed accounts, continuing to report a past due balance that is different from the overall balance despite being charged off.

21. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, the Bureaus did not timely evaluate or

consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

22. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and deleting the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

23. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

24. As of the date of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade lines continue to be inaccurate and materially misleading.

25. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to TransUnion)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

27. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

28. TransUnion violated 15 U.S.C. § 1681e by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

29. TransUnion has willfully and recklessly failed to comply with the FCRA.  TransUnion's failure to comply with the FCRA includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after Plaintiff requested its removal;

    c) The failure to remove or correct inaccurate and derogatory credit information after Plaintiff requested its removal;

    d) The failure to promptly and adequately investigate information Plaintiff notified Defendant to investigate because it was inaccurate;

    e) The continual placement of inaccurate information into Plaintiff's credit report after Plaintiff informed TransUnion that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, could not be verified, or that Plaintiff advised TransUnion to remove;

    g) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in Plaintiff's credit report.

30. As a result of TransUnion's conduct, action, and inaction Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

31. The conduct, action, and inaction of TransUnion were willful, rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge or Jury pursuant to 15 U.S.C. § 1681n.

32. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, TransUnion, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to TransUnion)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

34. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

35. TransUnion violated 15 U.S.C. § 1681i by failing to delete the inaccurate information from Plaintiff's credit file after receiving actual notice of inaccurate information, failing to conduct a reinvestigation, and failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

36. TransUnion has negligently failed to comply with the FCRA. TransUnion's failure to comply with the FCRA includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after Plaintiff requested it be corrected;

    c) The failure to remove or correct the inaccurate and derogatory credit information after Plaintiff requested its removal;

    d) The failure to promptly and adequately investigate information after Plaintiff drafted and sent a letter to dispute its accuracy and request its removal;

    e) The continual placement of inaccurate information in Plaintiff's credit report after Plaintiff advised Defendant TransUnion that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, could not be verified, or that TransUnion was advised to remove;

    g) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in Plaintiff's credit report.

37. As a result of TransUnion's conduct, action, and inaction Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

38. The conduct, action, and inaction of TransUnion were negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, TransUnion, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

42. Equifax violated 15 U.S.C. § 1681e by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

43. Equifax has willfully and recklessly failed to comply with the FCRA. Equifax's failure to comply with the FCRA includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after Plaintiff requested its removal;

    c) The failure to remove or correct inaccurate and derogatory credit information after Plaintiff requested its removal;

    d) The failure to promptly and adequately investigate information Plaintiff notified Defendant to investigate because it was inaccurate;

    e) The continual placement of inaccurate information into Plaintiff's credit report after Plaintiff informed Equifax that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, could not be verified, or that Plaintiff advised Equifax to remove;

    g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

44. As a result of Equifax's conduct, action, and inaction Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

45. The conduct, action, and inaction of Equifax were willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge or Jury pursuant to 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Equifax)**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

48. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

49. Equifax violated 15 U.S.C. § 1681i by failing to delete the inaccurate information from Plaintiff's credit file after receiving actual notice of inaccurate information, failing to conduct a reinvestigation, and failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

50. Equifax has negligently failed to comply with the FCRA. Equifax's failure to comply with the FCRA includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after Plaintiff requested it be corrected;

    c) The failure to remove or correct the inaccurate and derogatory credit information after Plaintiff requested its removal;

    d) The failure to promptly and adequately investigate information after Plaintiff drafted and sent a letter to dispute its accuracy and request its removal;

    e) The continual placement of inaccurate information in Plaintiff's credit report after Plaintiff advised Defendant Equifax that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, could not be verified, or that Equifax was advised to remove;

    g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

51. As a result of Equifax's conduct, action, and inaction Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52. The conduct, action, and inaction of Equifax were negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Amex)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

56. When a consumer disputes the accuracy of the information contained in his or her credit report, the FCRA requires all furnishers to participate in investigations conducted by the credit reporting agencies.

57. The FRCA requires credit reporting agencies to notify furnishers upon receipt of a consumer's dispute. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided to it by the consumer reporting agency.

58. The results of the investigation must be reported to the consumer reporting agency. If the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies that supplied inaccurate information.

59. Defendant Amex violated 15 U.S.C. § 1681s2-(b); by failing to adequately investigate Plaintiff's dispute of the Account Liability Representation; failing to review all relevant information regarding the same; failing to report the results of the investigation correctly to the other agencies.

60. After Plaintiff notified Equifax of her dispute Amex continued to report the account on Plaintiff's credit report, specifically, the inaccurate balance and inconsistent reporting of a past due balance on a charged off account.

61. As a result of Amex's conduct, action, and inaction, Plaintiff suffered damages including loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

62. Amex's conduct, action, and inaction were willful. Therefore, Defendant Amex is liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

63. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, Amex, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## **SIXTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Amex)**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. When a consumer disputes the accuracy of the information contained in his or her credit report, the FCRA requires furnishers to participate in investigations conducted by the agencies.

67. The FCRA requires credit reporting agencies to notify furnishers when the agencies receive a dispute from a consumer. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies that supplied inaccurate information.

69. Defendant Amex is liable to Plaintiff for failing to comply with the requirements imposed on furnishers pursuant to 15 U.S.C. § 1681s2-(b).

70. After receiving the Dispute Notice from the Bureaus, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

71. A reasonable investigation would require a furnisher, such as Amex, to consider and evaluate each dispute, along with all other facts, evidence, and materials surrounding the dispute.

72. Amex's conduct, action, and inaction were negligent, entitling Plaintiff to recover actual damages pursuant to 15 U.S.C. § 1681o.

73. As a result of Amex's conduct, action, and inaction, Plaintiff suffered damages including loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

74. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Miriam Scher, an individual, demands judgment in her favor against Defendant, Amex, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

75. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues alleged in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
May 26, 2020

  /s/ David Force
**Stein Saks, PLLC**
By:  David Force
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201)-282-6501
dforce@steinsakslegal.com